TRUSTEE'S SYSTEM CO. OF PENNSYL-
VANIA v. SIMON et al., and nine other
cases.

Nos. 6056–6060, 6091–6095.

Circuit Court of Appeals, Third Circuit.
July 2, 1936.

390

Edmund W. Kirby and Morris & Kirby, all of Philadelphia, Pa., for Trustee's Systems and others.

Gustavus A. Rogers and Abraham Benedict, both of New York City, for Protective Committee.

Before BUFFINGTON, Circuit Judge, and DICKINSON and FORMAN, District Judges.

FORMAN, District Judge.

In Trustee's System Co. of Pennsylvania v. Payne et al. and four other cases, 65 F. (2d) 103, this court affirmed decrees of the United States Court for the Eastern District of Pennsylvania appointing receivers. This litigation arises out of those cases. The complainants in those five suits were members of a Protective Committee. After the litigation the said committee sought to be compensated for its services, reimbursed for its expenses, and to have its counsel compensated.

It presented claims to a special master in the following amounts:

| | |
|---|---|
| Counsel fee to Jenks & Rogers, Esqs. | $10,000.00 |
| Allowance to Committee | 5,000.00 |
| Expenses of Committee | 3,151.02 |
| | $18,151.02 |

By stipulation a fund in this amount was made available at a certain junction in the proceedings subject to be paid only upon the order of the court so to do.

Accordingly, the special master took testimony and found that the committee was not entitled to any allowance, that its counsel was entitled to a fee of $1,500, and that it was entitled to be reimbursed for its expenditures in an amount of $1,500.

The allowances were contested by C. O. Chambless, trustee in bankruptcy, appointed in Alabama. Both he and the committee

excepted to the report of the special master before the District Court for the Eastern District of Pennsylvania. The learned judge of that court, who was likewise the trial judge in the cases referred to herein and reported in 65 F.(2d) 103, affirmed the special master in withholding any allowance to the committee and in reimbursing it in the sum of $1,500. He increased the allowance to its counsel to the sum of $5,000. He made a decree accordingly.

From this decree the said trustee appealed, insisting that it was error to grant any allowances, and the committee filed an appeal reiterating its claims in full.

The ramifications in these cases were manifold and were best known to the trial judge who dealt directly with them. Without enlarging upon the peculiar and exceptional circumstances in these cases, we hold that the cross-appeals filed herein shall be dismissed and the decree of the court below affirmed.